**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAKE IT HAPPEN CONSTRUCTION CO., Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-7872 |
| FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant. | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II OF PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

NOW COMES Defendant, FIDELITY AND GUARANTY INSURANCE COMPANY ("Fidelity"), by and through its attorneys, and, pursuant to Fed. R. Civ. P. 12(c), moves for the entry of judgment on Count II of the Complaint of Plaintiff, MAKE IT HAPPEN CONSTRUCTION CO. ("Contractor"). In support hereof, Fidelity states as follows:

## INTRODUCTION

1. Contractor brings this suit as construction contractor and purported assignee of Guadalupe Herrera ("Herrera"), an insured under a policy of insurance issued by Fidelity (the "Policy"). Contractor alleges that Herrera's property sustained loss and damage from hail on May 7, 2024. Contractor further alleges that Fidelity "retained an engineer to assess the claimed damages," and the "engineer's assessment was wrong." As a result, Contractor claims Fidelity undervalued the claimed loss, which it contends was a breach of the Policy. Fidelity denies that it breached the Policy.

2. This dispute over the extent of hail damage and the cost of repair is framed in Contractor's cause of action for breach of contract (Count I). But Contractor goes one step

further and in Count II attempts to allege a cause of action for statutory relief under Section 155 of the Illinois Insurance Code. Because Contractor has not alleged sufficient factual matter to state a claim under Section 155, Count II of its Complaint must be dismissed.

**STANDARD ON MOTION TO DISMISS**

3. When challenging the sufficiency of a complaint, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard for a motion to dismiss under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The only difference is timing—a Rule 12(c) motion is filed after the answer and affirmative defenses are filed. *Id.* The court views the complaint's allegations and reasonable inferences in favor of the nonmovant to decide whether the complaint states a claim that is plausible on its face. *Id.*; *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

4. While a motion to dismiss under Rule 12(b)(6) accepts as true the well-pleaded allegations of the complaint and draws reasonable inferences therefrom in the plaintiff's favor, to survive the motion "a complaint must contain sufficient ***factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added); *Betts v. Wigget*, 756 F.Supp.3d 551, 557 (N.D. Ill. 2024).

5. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." That said, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). To survive a 12(b)(6) motion to dismiss, "the

plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Betts*, 756 F.Supp.3d at 557, citing *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

**ARGUMENT**

6. Section 155 of the Illinois Insurance Code allows an insured to recover statutory damages and attorneys' fees for an insurer's vexatious and unreasonable handling of an insurance claim. The statute states, in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts …

215 ILCS 5/155(1).

7. Section 155 is penal in nature and, therefore, is strictly construed. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). To prevail on a Section 155 claim, the insured must prove that the insurer's behavior was "willful and without reasonable cause." *Id.* An insurer is *not* liable merely for taking an unsuccessful position in litigation or because it is found liable for breaching its contract with the insured. *Id.* An insurer's conduct is not vexatious or unreasonable if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4)

the insurer takes a reasonable legal position on an unsettled issue of law." *Id.* (citations omitted).

8. At the pleading stage, a plaintiff cannot simply allege that the insurer knowingly and intentionally denied a claim and that the denial was vexatious and unreasonable. Without more a plaintiff fails to state a cause of action under Section 155. *See Am. Alliance Ins. Co. v. 1212 Restaurant Group, L.L.C.*, 342 Ill.App.3d 500, 511 (2003) ("If the insured merely states that the insurer committed vexatious and unreasonable delay without some modicum of factual support, the insured will not have stated a cause of action under section 155."); *Scudella v. Illinois Farmers Ins. Co.*, 174 Ill.App.3d 245, 252-253 (1988) (affirming dismissal of Section 155 claim where the plaintiff "made no factual allegations other than claiming defendant 'unreasonably delayed and refused to pay'"); *Kondaur Capital Corp. v. Stewart Title Co.*, 2012 WL 367054, *5-6 (N.D. Ill. Feb. 2, 2012) (dismissing Section 155 claim for failure to allege facts in support of conclusory allegation that insurer acted vexatiously and unreasonably); *Scottsdale Ins. Co. v. City of Waukegan*, 2007 WL 2740521, at *4 (N.D. Ill. Sept. 10, 2007) (dismissing Section 155 claim that "fail[ed] to allege facts that plausibly suggest Scottsdale's conduct was vexatious and unreasonable."); *Fid. Investments Life Ins. Co. v. Squire*, 2010 WL 3273737, at *3 (N.D. Ill. Aug. 18, 2010) (dismissing Section 155 claims and denying leave to amend).

9. In the present action, Contractor identifies in four subparagraphs the alleged unreasonable and vexatious actions of Fidelity (Dkt. No. 1-1, ¶ 41), but the Contractor's complaints regarding Fidelity would prove, at most, a breach of contract. Contractor alleges no conduct or underlying facts which would support a finding that the actions of Fidelity were both

vexatious and unreasonable, and Contractor offers nothing to suggest anything other than a bona fide dispute concerning the scope and application of insurance coverage.

10. Specifically, Contractor alleges that Fidelity's estimate was "substantially less than the amount to which the insured was entitled to recover under the policy." (Dkt. No. 1-1, ¶ 41(a)). Proving this allegation would only establish that Fidelity's estimate was *wrong*. While being wrong could support Contractor's claim that Fidelity breached the contract by underpaying the claim, being wrong is not tantamount to vexatiousness or unreasonableness as required to state a cause of action under Section 155. Section 155 does not penalize an insurer for being wrong.

11. Contractor next alleges that Fidelity "failed to adequately investigate the claim when presented with a report from HAAG, other industry wide accepted scientific literature on hail damage assessment, photos of the damages, and a comprehensive rebuttal that supported the insured's position on the claim." (Dkt. No. 1-1, ¶ 41(b)). This is not true and is undermined by Contractor's earlier statements in the Complaint that Fidelity retained an engineer to assess the damages, and the engineer found no evidence to support the claimed hail damage. (Dkt. No. 1-1, ¶¶ 18-19; see also Fidelity's Affirmative Defenses, Dkt. No. 10). Moreover, putting aside the truth or falsity of the allegation, a failure to adequately investigate may establish a breach of contract, but it most certainly does not establish or even support a claim for vexatious and unreasonable conduct.

12. Contractor alleges that Fidelity "offered substantially less than the amounts that the insured was entitled to recover" and "made an unreasonably low settlement offer where the insured's public adjuster reasonably estimated the damages at $463,569.56 for the net claim amount including depreciation recovery whereas Travelers unreasonably estimates damages at

$112,532.60." (Dkt. No. 1-1, ¶ 41(c) and (d)). Again, proving that the public adjuster's estimate was reasonable might establish a breach of contract if Contractor first proves that the public adjuster was correct as to the cause and scope of the loss, but Section 155 does not penalize an insurer for being wrong, particularly where there is a genuine legal or factual issue regarding coverage.

13. As set forth in the Complaint, the difference between the estimates is due to a fundamental disagreement, based on competing evaluations by outside consultants, regarding the extent of hail damage to the insured's premises, and more specifically, whether the roof membranes were damaged by hail. Because the cost of the roof membranes was the most expensive component of the public adjuster's estimate, it naturally follows that there is a considerable difference between the estimates. That Fidelity's estimate might be considered "unreasonably" low by Contractor vis-à-vis the public adjuster's estimate does not establish that Fidelity's *actions* were vexatious and unreasonable, nor is a dollar difference itself sufficient to adequately allege a Section 155 claim, particularly as Contractor has asserted that Fidelity relied on an engineer's assessment and opinion to estimate the covered damages.

14. Accordingly, Contractor alleges no facts to plausibly suggest Fidelity's conduct was vexatious and unreasonable. While the allegations in the Complaint, if proven, may be sufficient to establish a breach of contract, they do not tell a story that holds together for relief under Section 155. The parties' dispute about the scope and cost of the damage, and the application of insurance policy provisions to the claimed damage will ultimately be resolved by the Court and the trier of fact's consideration of the parties' respective fact and expert witnesses. Such disputes do not give rise to liability under Section 155.

WHEREFORE, Defendant, FIDELITY AND GUARANTY INSURANCE COMPANY, prays for the entry of an Order dismissing with prejudice the claim for damages under 215 ILCS 5/155 stated in Count II of the Complaint of Plaintiff, MAKE IT HAPPEN CONSTRUCTION CO., together with any other relief deemed just and appropriate.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com

Attorney for Defendant,
FIDELITY AND GUARANTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) on August 15, 2025.

**Attorney for Plaintiff**
Francis Ostian, Esq.,
8770 W. Bryn Mawr, Suite 1300
Chicago, IL 60631
312-498-4878
FrancisOstian@gmail.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com